## BECK *v.* THOMPSON & TAYLOR SPICE COMPANY.

1. When a contract for services has been made and broken by the employer, the other party, if he has performed any of the services contemplated, may either maintain an action to obtain damages for the loss sustained by the breach of the contract, or he may sue on a quantum meruit to recover the value of the services so performed.
2. Where such a contract was made and it failed to express the time within which the services were to be performed, an amendment to the plaintiff's petition in an action for the value of his services, alleging that it was the custom in the business in which the plaintiff and defendant were engaged, well known to the defendant, and becoming a part of the contract, that one year was the time within which such services should be performed, was germane, and, if offered in season, should have been allowed.

Submitted May 18, — Decided July 22, 1899.

Complaint. Before Judge Berry. City court of Atlanta. September 23, 1898.

*H. M. Patty* and *C. L. Pettigrew*, for plaintiff.
*Mayson & Hill*, for defendant.

LITTLE, J.   The plaintiff by his petition made the following case:   About September 15, 1896, petitioner entered into an agreement with the defendant, by which he was to work for the latter as traveling salesman in several Southern States, and was to receive as compensation for his services one half of the profit over cost on all goods sold by him for defendant; and also to have an equal dividend on all future sales in petitioner's territory, whether made by him or the house direct to the customer.   Under said contract he entered on said work and took a great many orders for goods, and secured a large and remunerative trade for the defendant throughout the State of Georgia, and so worked for more than two months.   The defendant after said time refused to observe the terms of the contract, and to pay him for his services as had been agreed; and did so for the purpose of dispensing with his services after he had succeeded in opening up his territory for the trade, and to avoid paying him the amount which he would be entitled to under the contract.   He prayed to recover the value of his services so rendered.   A demurrer was filed to the petition; and the plaintiff offered an amendment to the effect that it was a custom in the business in which the plaintiff and defendant were engaged, which was well known to the defendant, and was a part of the contract, that plaintiff should have a year's employment; and such custom was reasonable, in that it requires at least a year to build up such a trade, etc.   The court refused to allow this amendment, and dismissed the case; to which ruling the plaintiff excepted.

1. It is a well-settled principle of law, that where a contract of employment is broken by one of the parties, the other party acquires or may acquire three distinct rights: 1st. He may bring an action immediately to recover for any special injury which he may have sustained in consequence of the breach of the contract. 2d. He may wait until the termination of the period for which he was employed, and sue upon the contract and recover his whole wages.   3d. He may treat the contract as rescinded, and may immediately sue on a quantum meruit for the work and labor he actually performed.   *Rogers* v. *Parham*, 8 *Ga.* 100.   The same ruling is made in the case of *Britt* v. *Hays*,

21 *Ga.* 157, and a number of later ·adjudicated cases of this court.  In this case the plaintiff elected to pursue the last-named remedy, which he was fully authorized to do.

2. The next question preseuted is, should the amendment offered have been allowed?  It will be noted that, as set out in the petition, the contract was silent as to the time within which it was to be performed.  This did not render the contract ambiguous so as to allow it to be explained by other evidence, but it simply failed to recite a time in which the terms of the contract should be in force.  This necessary averment the plaintiff undertook to supply by allegation of the existence of a general custom, or usage in such a business as he and the defendant were engaged in under the contract, as to the time such contracts should be in force when not otherwise agreed. The time, then, in which the services were to be rendered was an incident of the contract, and was not one of the terms by which the duties of either party were to be measured.  Section 5206 ·of the Civil Code prescribes that evidence of known and established usage is admissible to aid in the construction of con-·tracts, as well as to annex incidents.  Mr. Greenleaf, in the first volume of his treatise on the Law of Evidence, § 292, ·says, that the rule which forbids the admission of parol evidence to contradict or vary a written contract is not infringed by any evidence of known and established usage respecting the subject to which the contract relates.  To such usage the parties may be supposed to refer, just·as they are presumed to· employ words in their usual and ordinary signification.  In the case of Spartalli *v.* Benecke, 10 C. B., Wilde, C. J., said, "The usage is admissible for the purpose of annexiug incidents· to the contract in matters upon which the contract is silent;. but not to vary or contradict either expressly or by implica-tion·the express terms of the written instrument."   In Moore *v.* Eason, 11 Ired. (N. C.) 568, where parol evidence was offered to prove a custom of a place by which all leases expired at a certain time, it was held that, the lease being first proved, any incident to it could be proved by parol evidence.  See also *Horan* v. *Strachan,* 86 *Ga.* 408.   Under these rules, we· think the amendment offered as to the custom should have been

allowed, and that the court below erred in rejecting it, especially in a case when the amendment explicitly alleges that the custom became a part of the contract; and for refusing to allow the amendment the judgment of the court below is

Reversed. *All the Justices concurring.*