### 14057.  MYERS et al. v. AARONS.

STEPHENS, J.  1.  A party to a contract who has partly performed his obligations thereunder by rendering valuable services may, where it appears that the opposite party has repudiated and abandoned the contract, or has prevented the former from further performance, waive his right to recover for a breach of the contract, and, by treating the contract as rescinded, maintain an action in quantum meruit against the other contracting party for the value of the services rendered.  *Beck* v. *Thompson,* 108 *Ga.* 243 (33 S. E. 894).  The doctrine of *Blue* v. *Ford,* 12 *Ga.* 45, as distinguished and explained in *Tumlin* v. *Bass Furnace Co.,* 93 *Ga.* 594 (20 S. E. 44), and *Southern Printers Supply Co.* v. *Felker,* 125

*Ga.* 148 (54 S. E. 193), prevents a recovery in a suit on indebitatus assumpsit, where it appears from the evidence that the plaintiff is seeking to recover under the terms of a special contract which the plaintiff has not fully performed; but does not apply where the contract has been abandoned and repudiated by the defendant, or where the defendant has prevented full performance by the plaintiff and the plaintiff is seeking to recover outside the contract in quantum meruit for the services actually rendered by him in attempting to perform his obligations under the contract.

2. In such a suit it is not necessary for the plaintiff to plead the contract and such a breach as is indicated above, in order to entitle him to recover on quantum meruit. *Tumlin* v. *Bass Furnace Co., supra.*

3. The evidence authorized the verdict found for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 22, 1923.

Complaint; from city court of Bainbridge — Judge Spooner. October 30, 1922.

*Hartsfield & Conger,* for plaintiffs in error.

*J. C. Hale,* contra.