15223. WEATHERCRAFT COMPANY v. BYRD.

JENKINS, P. J. "A party to a contract who has partly performed his obligations thereunder by rendering valuable services may, where it appears that the opposite party has repudiated and abandoned the contract, or has prevented the former from further performance, waive his right to recover for a breach of the contract, and, by treating the contract as rescinded, maintain an action in quantum meruit against the other contracting party for the value of the services rendered. *Beck* v. *Thompson*, 108 *Ga.* 243 (33 S. E. 894). The doctrine of *Blue* v. *Ford*,

.24

12 *Ga.* 45, as distinguished and explained in *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 594 (20 S. E. 44), and *Southern Printers Supply Co.* v. *Felker*, 125 *Ga.* 148 (54 S. E. 193), prevents a recovery, in a suit on indebitatus assumpsit [account], where it appears from the evidence that the plaintiff is seeking to recover under the terms of a special contract which the plaintiff has not fully performed, but does not apply where the contract has been abandoned and repudiated by the defendant." *Myers* v. *Aarons*, 30 *Ga. App.* 750 (119 S. E. 223). In the instant case the plaintiff does not rely upon the contract, but it is used merely as evidencing the cost or value of the goods or of the services sued for on account. Civil Code (1910), § 4321; *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 594 (20 S. E. 44); *Talbotton R. Co.* v. *Gibson*, 106 *Ga.* 229, 234 (32 S. E. 151); *Rogers* v. *Parham*, 8 *Ga.* 190, 193; *Ford* v. *Smith*, 25 *Ga.* 675 (3); *Sentell* v. *Mitchell*, 28 *Ga.* 198, 199; *Haralson* v. *Speer*, 1 *Ga. App.* 573 (2, 3), 576-578 (58 S. E. 142); *Byck* v. *Weiler Co.*, 3 *Ga. App.* 387, 391 (59 S. E. 1126); *So. Ry. Co.* v. *Branch*, 9 *Ga. App.* 310 (1), 312 (71 S. E. 696); *Flake* v. *Bowman*, 28 *Ga. App.* 443 (7) (111 S. E. 747).

The instant action on account is to recover "for labor and material furnished to defendant in covering 335 squares of roofing at $7.35 per square" on a described building. It appears that, while there was a written contract evidencing an agreement to roof the total number of squares and at the price shown by the petition, the plaintiff, according to its evidence, after a partial performance, was without just cause or excuse prevented from completing the entire work, by the positive action of the defendant, through the architect representing him, in forbidding the plaintiff to continue. The plaintiff was thus entitled, under its evidence, to recover for the 200 squares actually laid, and it was accordingly error to grant a nonsuit; although it was not entitled to recover for the additional squares sued for, on which it was not shown that any labor had been performed.

*Judgment reversed.    Stephens and Bell, JJ., concur.*

DECIDED MAY 17, 1924.

Complaint; from Fulton superior court—Judge E. D. Thomas. October 19, 1923.

*Anderson & Slate,* for plaintiff.

*R. B. Blackburn,* for defendant.