## SIMMONS v. PEAVY–WELSH LUMBER CO.

No. 9269.

Circuit Court of Appeals, Fifth Circuit.

June 17, 1940.

Rehearing Denied July 23, 1940.

See 113 F.2d 812.

HUTCHESON, Circuit Judge, dissenting.

Edgar J. Oliver, and Dunbar ·Harrison, both of Savannah, Ga., for appellant.

A. B. Lovett, of Savannah, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by appellant against appellee for a commission in connection with the sale of certain real estate in Georgia. Motions were made for a bill of particulars, to strike certain portions of the petition, and to dismiss the petition as a whole. This appeal was taken from a judgment dismissing the whole petition.

The facts were fully set out in the petition and exhibits. There were allegations about oral conversations, but we agree with the court below that there was nothing alleged as to oral conversations which would establish the contract as claimed.

We cannot improve upon the direct way in which the district court went to the heart of this case. From its opinion we quote the following:

"The dealings in connection with this land so far as disclosed by the pleadings began on April 6, 1934. There were several different expectations or plans during the course of the correspondence and conferences; the first to sell the land as a whole; the second, and that seemed to be impossible, to organize a syndicate which might buy it; the third to sell in sections.

"Much of the correspondence on the part of the plaintiff was done by Mr. F. M. Oliver. In a letter from him to A. J. Peavy, under date of April 18, 1935, we find this:

"'I wish to be of service to you in the disposal of your timber, but I am not in a position to assist you at the present time in selling all of your timber, land included, for the sum of $1,044,000, for the reason that I cannot find any one who is interested in your proposition.'

"This is followed by a suggestion as to its being handled in smaller lots or by organizing a syndicate. There is no claim that there ever was any agreement that the defendant would pay the plaintiff a commission for organizing a syndicate that might purchase the property and if there had been it is immaterial, because there is no claim that a syndicate was organized and did buy the property.

"After certain correspondence which it is not material to analyze or re-state we find the final letter from Peavy-Welsh Lumber Company to Oliver & Oliver, attention Mr. F. M. Oliver, under date of February 3, 1936, from which the following is quoted:

"'In the closing paragraph of your letter you refer to Dr. Simmons and the Norfolk parties, who are prospects for the entire holdings. As previously stated, we are not now giving any options or entering into any contracts or agreements with any agent on this timber in whole or in part, further than to say that if an offer is submitted to us on any part of the holdings we will give it consideration, so for the present you will understand that the entire acreage is open as there are no outstanding commitments that would prevent a sale to anyone whether they were introduced by Dr. Simmons or other parties who might be interested in the same. This I submit merely to make it clear that we are not tieing the property up with anyone and must remain free to make finished business on the tract or subdivisions thereof when the time comes. Cer-

tainly we would have no objections whatsoever in dealing with you or Dr. Simmons, as anyone else on the above understanding.'

"My conclusion is that there is no cause of action set out in the petition, either on count one or count two, and that such petition should be and the same is hereby dismissed."

For the reasons indicated, the judgment of the district court is affirmed.

HUTCHESON, Circuit Judge (dissenting).

I cannot agree with the majority that the District Judge had a right in ruling on the motion to dismiss, to decide this case on his ideas of the effect of the written exhibits. The amended pleading filed under the new rules, plainly and definitely alleged that defendant agreed to pay petitioner 3% commission if petitioner furnished it a prospect with whom the defendant made a deal under terms and conditions satisfactory to the parties and that this employment was both verbal and in writing. The pleading plainly and unequivocally alleges: an oral contract consisting of conferences, conversations and agreements, the substance of which were that if petitioner would furnish the prospect and defendant would complete the negotiations resulting in a sale, compensation would be due; and that petitioner furnished the prospect and the sale was made.

In addition the majority opinion wholly overlooks plaintiff's suit on a quantum meruit which charges that the defendant availed itself of petitioner's services and thereby sold part of the property and that the value of petitioner's services was the amount sued for.

On such allegations it is plain that a recovery may be had if the proof supports them. McDonald v. Cabiness, 100 Tex. 615, 102 S.W. 721; Doonan v. Ives, 73 Ga. 295; Gresham v. Connally, 114 Ga. 906, 41 S.E. 42; Ware v. Reese, 59 Ga. 588; Hill v. Balkcom, 79 Ga. 444, 5 S.E. 200; Beck v. Thompson & Taylor Spice Co., 108 Ga. 242, 33 S.E. 894. The new rules are designed to secure precision and dispatch. They are not designed, they may not be used, to permit a trial court on a motion to dismiss, to decide the case on its merits and thus to deprive a litigant of his right to prove the facts on which he relies. The majority opinion

naively speaks of this novel procedure as "the direct way in which the district court went to the heart of this case." The difficulty of this direct method employed by the District Judge and approved by the majority, is that it undertook to decide the case entirely on the written exhibits and thereby deprived plaintiff of the right to prove the oral contract he had specifically alleged. If plaintiff could prove the oral contract, he could recover on it, and if he could not, but could prove the facts he alleged in the second count, he could recover on a quantum meruit. It is quite plain then, that in disposing of the case as on the merits without giving plaintiff an opportunity by proof to put the merits before the court, the judgment, both procedurally and as matter of substance, was wrong.

I respectfully dissent from its affirmance.