### SHUBERT *v.* SPEIR *et al.*

JENKINS, Presiding Justice. 1. "When a contract for services has been made and broken by the employer, the other party, if he has performed any of the services contemplated, may either maintain an action to obtain damages for the loss sustained by the breach of the contract, or he may sue on a quantum meruit to recover the value of the services so performed." *Beck* v. *Thompson*, 108 *Ga.* 242 (33 S. E. 894); *Myers* v. *Aarons*, 30 *Ga. App.* 750 (119 S. E. 223); *Rogers* v. *Parham*, 8 *Ga.* 190; *Maddox* v. *Powell*, 56 *Ga. App.* 739 (193 S. E. 789).

2. (*a*) While it is the general rule, that parol or extrinsic evidence is not admissible to vary, add to, modify, or contradict the terms or provisions of a written instrument (Code, §§ 38-501, 20-704; *Stonecypher* v. *Georgia Power Co.*, 183 *Ga.* 498, 501, 189 S. E. 13, and cases cited), and that pleadings which in effect attempt to do so are subject to demurrer (*Red Line Products Co.* v. *J. M. High Co.*, 57 *Ga. App.* 304, 195 S. E. 296), it is also a rule of law that: "If the writing does not purport to contain all the stipulations of the contract, parol evidence shall be admissible to prove other portions thereof not inconsistent with the writing; so collateral undertakings between the parties of the same part among themselves would not properly be looked for in the writing." Code, § 38-504; *Bond & Maxwell* v. *Perrin*, 145 *Ga.* 200 (6) (88 S. E. 954); 22 C. J. 1283, § 1715.

(*b*) A petition seeking recovery on a quantum meruit based on the alleged breach of a contract between the owner and the plaintiff contractor, which was partly in writing and partly by parol, and under the terms of which, it is alleged, the owner agreed to make advances to the contractor for the purpose of meeting pay rolls, is not subject to demurrer, where a breach of such agreement to make advance payments, as alleged, was merely because the written portion of the contract did not contain a provision that the owner was to make such advances; where the written portion of the contract consisted merely of a written offer

by the contractor to build at a named price according to certain un-identified plans and specifications; and where the contract, according to the plaintiff's allegations, consisted of a parol agreement whereby it was mutually agreed that the contractor would build at said named price according to certain described plans and specifications, and would be paid therefor in the manner above outlined; and when the parties by their mutual acts and conduct had so recognized and construed the agreement, and each had partially performed the same in accordance with the alleged terms of such partly written and partly parol agreement.

3. Upon proof by the plaintiff of his allegations that he had complied with his own contract insofar as he was permitted by the defendant, and that his failure to complete the same was due to the failure of the defendant to comply with his obligations under the contract, the plaintiff would be entitled to an equitable lien on the improvements made, and for the amount of his recovery on quantum meruit, just as though he had fully performed the contract as contemplated by the statute setting up the lien in his favor. *Coleman* v. *Freeman*, 3 *Ga.* 137; *Savannah Steam Rice Mill Co.* v. *Hull*, 103 *Ga.* 831, 834 (30 S. E. 952); *Williams* v. *Jay*, 173 *Ga.* 372, 374 (160 S. E. 426).

4. The special demurrers are without merit. As to the complaint that the written portion of the contract is not set forth, it appears from the record and it appears to be conceded that this was corrected by amendment. As to the complaint that the petition is multifarious, and sets forth a misjoinder of actions, in that it is a suit brought on an express contract, and on quantum meruit, and seeks to set up a materialman's lien, all in the same proceeding—these contentions are answered adversely by the principles of law announced in the foregoing divisions of the syllabus. As to the special complaint that the petition fails to sufficiently set forth what the alterations and deviations from the original plans and specifications were—we think that the petition is sufficient in this respect. *Judgment affirmed. All the Justices concur.*

No. 15518. JULY 3, 1946.

*Drennan & Brannon* and *John D. Humphries*, for plaintiff in error.

*Allen, Harris & Henson*, contra.