35701. THOMAS McDONALD & COMPANY *v.* ELLIOTT.

DECIDED JULY 7, 1955.

*Saul Blau, Charlie Franco,* for plaintiff in error.

*Carl T. Hudgins,* contra.

FELTON, C. J. ■ Counts one and two of the original petition sought to recover commissions as stipulated under an express contract. By amendments the plaintiff sought to add a third count based on quantum meruit, and the contract was annexed as an exhibit to count three. The court properly disallowed the amendments setting up a third count. The contract provided that, should the defendant-owner sell the business during the period of the plaintiff's exclusive listing, the plaintiff-broker would still be entitled to a commission of 10% of the sales price. Where there is a special contract between the parties, a recovery on quantum meruit cannot be had. See cases cited under catchwords, "Special contract," Code (Ann.) § 3-107.

■ The plaintiff's evidence was to the effect that he entered into a brokerage contract with the defendant whereby the plaintiff was to sell the defendant's business; that the contract was entered into on March 3, 1954; that the contract provided for an exclusive listing with the plaintiff for a period of 60 days, and that, should the defendant himself sell the business during the period of the exclusive listing, the plaintiff would be entitled to a commission of 10% of the sales price; that the business was sold on or about April 1, 1954, within the period of exclusive listing and that, therefore, the plaintiff was entitled to his commission.

The defendant's evidence was to the effect that the brokerage contract was entered into on March 1, 1954; that, when he signed the brokerage contract, the blanks contained therein were not filled in; that the plaintiff later filled them in; that the agreement was that the plaintiff would have an exclusive listing for only 30 days; that the plaintiff had fraudulently filled in the blank in the contract pertaining to the period of listing by inserting 60 days, instead of 30 days as agreed upon; that on March 31, 1954, the plaintiff requested and the defendant granted an extension of three days on the listing; that the business was sold by the defendant sometime between April 12 and April 15, 1954; and that the purchaser was not procured through the efforts of the plaintiff.

This is a case of conflicting evidence, in which a jury had to resolve the conflict. The evidence authorized the jury to find that the brokerage contract was for an exclusive listing for a period of 30 days from March 1, 1954; that the period of listing plus the three-day extension had expired when the business was sold; and that the purchaser was not procured through the efforts of the plaintiff; therefore the verdict for the defendant was authorized.

The court did not err in disallowing the amendments and in denying the motion for a new trial.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*