39534. BROWN v. HOME SECURITY CORPORATION.

DECIDED JUNE 13, 1962.

148

*Almon, Clein & Ray, Harvey A. Clein, Everett L. Almon,* for plaintiff in error.

*Ben T. Beasley, Jr.,* contra.

JORDAN, Judge. The trial judge in his order denying the amended motion for new trial recited that the evidence adduced on the trial of this case showed that the plaintiff, if entitled to recover at all, could recover only under an express agreement between the parties and that such evidence would not support an action in quantum meruit. It is contended by the plaintiff that the evidence did not demand a finding that the parties had entered into an express oral contract of employment but that, assuming that such finding was demanded by the evidence, the existence of an express oral contract in this case would not preclude his recovery of the reasonable value of the services rendered the defendant. Accordingly, it is insisted that the trial court erred in directing a verdict for the defendant as contended in the special grounds of the amended motion for new trial.

■ "A recovery under quantum meruit must be based upon a promise, express or implied, to pay for the services rendered, and the existence of an express promise or agreement to pay does not ipso facto create an express contract." *Lance v. Crane,* 214 Ga. 284, 286 (104 SE2d 439), and cases therein cited.

The evidence adduced on the trial of this case as to the status of the employment relationship between the parties clearly showed that the plaintiff entered into the performance of his services for the corporation under an express agreement that he

would be compensated for said services and it is further shown that the parties during the course of their negotiations had arrived at a "rough" understanding as to the terms and conditions of said employment, including compensation therefor, with payments due on the 1st and 16th of each month beginning January 16, 1960. However, the testimony of the plaintiff disclosed that it was initially agreed by the parties that the various comments and proposals made in the course of their preliminary negotiations would be condensed and finalized in a written contract of employment to be executed by the parties; that the parties entered into negotiations in regard to said employment contract; that the plaintiff prepared several drafts of a proposed employment contract, all of which were rejected by the defendant for various reasons; that at the time the plaintiff terminated the performance of his services for the defendant on April 20, 1960, the parties had been unable to reach a final agreement as to said contract of employment; and that the plaintiff had never been compensated in any amount as orally promised by the defendant.

Under these circumstances, it cannot be said that a finding was demanded that the parties had entered into a definite express contract of employment, oral or written, which would bar the plaintiff's recovery under either count of his petition. Accordingly, there being evidence that the plaintiff had performed certain services for the defendant under an express agreement that he would be compensated for said services and it being a question for the jury's determination as to the reasonable value of said services, it was error for the trial court to direct a verdict for the defendant on both counts of the petition, as contended in the special grounds of the amended motion for new trial.

■ Assuming for the sake of argument only, however, that the evidence adduced on the trial of this case did demand a finding that the plaintiff and the defendant had entered into a definite oral contract of employment, such finding would not ipso facto preclude a recovery by the plaintiff under quantum meruit in this case. The plaintiff testified that under the terms of the alleged oral agreement he was to receive the sum of $600 per month, payable semi-monthly, as compensation for

his services for the year 1960, said sum to be subject to a retroactive adjustment at the end of the year based on the defendant's earnings for the year 1960. The plaintiff further testified that although he performed services for the defendant until April 20, 1960, he was never compensated in any amount as agreed. Under these circumstances the jury would be authorized to find that, if an oral contract had been consummated by the parties, the defendant, by its failure to pay the alleged agreed compensation, had repudiated said contract. It is a well settled principle of law that a party to a contract for services who has partly performed his obligation thereunder by rendering valuable services may, where it appears that the opposite party has repudiated and abandoned the contract, waive his right to recover for a breach of the contract, and, by treating the contract as rescinded, maintain an action in quantum meruit against the other contracting party for value of the services rendered. *Myers v. Aarons,* 30 Ga. App. 750 (119 SE 223) ; *Beck v. Thompson & Taylor Spice Co.,* 108 Ga. 242 (33 SE 894) ; *Shubert v. Speir,* 201 Ga. 20 (38 SE2d 835).

Since the case is to be tried again, the general grounds of the motion for new trial are not expressly ruled upon.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*