### 40711. O'NEIL-DUNHAM, INC. et al. v. PEARSON et al.

PANNELL, Judge. 1. When a subcontractor contracts with a prime contractor to furnish labor and materials for specified work at a specified price and this contract is breached by the prime contractor and the subcontractor notifies the contractor that he is rescinding the contract, and the contractor notifies the subcontractor that he is terminating the contract, such action amounts to an abandonment of the contract by both parties, or a mutual rescission of the contract as to any unperformed portion thereof by either of the parties, and the subcontractor, if he has supplied any of the labor and materials contemplated, may either maintain an action to obtain damages for the loss sustained by the breach of contract, or he may sue on a quantum meruit to recover the value of the work and materials. *Beck v. Thompson &c. Spice Co.,* 108 Ga. 242 (33 SE 894); *Shubert v. Speir,* 201 Ga. 20 (38 SE2d 835); *Myers v. Aarons,* 30 Ga. App. 750 (1) (119 SE 223); *Brown v. Home Security Corp.,* 106 Ga. App. 147 (2) (126 SE2d 439). Where there is an authorized ex parte rescission of the contract

between the parties, or an abandonment or mutual rescission of the contract between the parties, no special contract exists, and the rule that indebitatus assumpsit will not lie when there is a subsisting unexecuted agreement, as held in *Baldwin v. Lessner*, 8 Ga. 71, 73; *Alford v. Davis*, 21 Ga. App. 820 (4c) (95 SE 313); *Ramsey v. Langley*, 86 Ga. App. 544 (4) (71 SE2d 863); *Thomas McDonald & Co. v. Elliott*, 92 Ga. App. 409 (1) (88 SE2d 440); *Millican Electric Co. v. Fisher*, 102 Ga. App. 309, 310 (116 SE2d 311), does not apply. The allegation that the plaintiff "has performed all its obligations arising out of the said contract" does not require the application of such rule, where the contract has been mutually rescinded or abandoned by the parties. In none of the above cases, cited by the plaintiff in error to sustain its contention that such allegation defeats the claim for recovery upon quantum meruit, does it appear that a mutual rescission or abandonment of the contract had been had, but, on the contrary, it appears that in each of these cases the contracts therein were subsisting and that this very fact was the basis for the holdings therein, rather than the fact that such an allegation as the above was contained in the pleadings. Full performance on the part of the one suing upon a quantum meruit, where there has been a mutual rescission of the contract, does not preclude a recovery. See *Riverview Land &c. Co. v. Jones*, 8 Ga. App. 90 (1) (68 SE 620). And, where there has been an abandonment of the contract by both parties, no contract exists, and neither of the parties can recover for its breach by the other. *Eaves & Collins v. Cherokee Iron Co.*, 73 Ga. 459 (3). And, where there has been such repudiation by both parties to it the contract ceases to be the criterion for measuring the rights and liabilities between the parties to it, and even where work has not been done according to the contract, yet if received, and of benefit to the party receiving it, he shall pay for it a sum equal to its value. *Ford v. Smith*, 25 Ga. 675 (2, 3).

2. Where, in such a case, the subcontractor sues on a quantum meruit and joins the prime contractor and surety on a payment bond given pursuant to *Code Ann.* § 23-1705, a general demurrer on the ground that the petition states no cause of action does not raise any question as to misjoinder of parties and causes of action, *Ebner v. Gulf Oil Corp.*, 99 Ga. App. 586 (1) (109 SE2d 81), and cases cited therein; and the petition otherwise setting forth a cause of action both against

the prime contractor and on the payment bond, the trial court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED MAY 27, 1964—REHEARING DENIED JUNE 19, 1964.

*Gambrell & Mobley, David H. Gambrell, Robert D. Feagin, III,* for plaintiffs in error.

*Ware, Sterne & Griffin, Robert F. Lyle,* contra.