## 45926. BRUMBY v. SMITH & PLASTER COMPANY OF GEORGIA.

DEEN, Judge. 1. The appellee sued the defendant Brumby, owner of a warehouse, for work done and materials furnished for the improvement of the property. The action was based on quantum meruit, and the main thrust of the appeal after judgment for the plaintiff by the judge trying the case without a jury is that (1) plaintiff is not entitled to any amount based on quantum meruit where the evidence shows an express contract; (2) defendant did not accept the work done by the plaintiff, and (3) plaintiff failed to carry the burden of showing that the work was of value to the defendant.

Proof of the existence of an express contract is a bar to recovery in an action in quantum meruit only where it appears that in the absence of the contract itself there would be no obligation on the part of the defendant to pay anything to or do anything for the defendant. An example is *Thomas McDonald & Co. v. Elliott,* 92 Ga. App. 409 (88 SE2d 440) where the question was whether plaintiff's exclusive listing, which would have given it a right to collect real estate commissions based on a sale procured by another, had expired prior to the date of sale. Another

exception may exist where the contract is entire and the plaintiff seeks reimbursement before fulfillment of his own obligations and without adequate legal excuse. *Myers v. Aarons*, 30 Ga. App. 750 (119 SE 223); *O'Neil-Dunham, Inc. v. Pearson*, 109 Ga. App. 857 (137 SE2d 556). On the other hand, if a contract has been repudiated by both parties, it ceases to be the criterion for measuring their rights and liabilities, and in such a case, even though the work has not been done according to the contract, if it is received and if it is of benefit to the party receiving it, the plaintiff is entitled to the reasonable value of the services rendered. *Ford v. Smith*, 25 Ga. 675. Under the facts testified to here, the latter rule is applicable: some terms of the oral agreement were in dispute; the contract was vague in the first instance; many changes were made in the course of the work; whether or not certain repairs as made were of value to the owner was disputed, as was the quality of the repairs made. Where quantum meruit is an available remedy, "value" means value to the owner rather than the cost of producing the result to the workman. It then becomes a jury question as to whether the owner has in fact been benefited by the work and, if so, to what extent. The judgment as rendered here was supported by the evidence.

2. The defendant's first counterclaim is for loss of profits by way of rents because of the failure to complete the job within the time agreed. Whether a time certain was agreed on is in dispute, and whether the plaintiff would have completed the work within a reasonable time had the defendant not employed other contractors to finish the job was an issue of fact.

3. Defendant's second counterclaim involves a separate transaction under which plaintiff had contracted to build a building for a corporation partly owned by defendant and for which defendant was to receive a supervisory fee. The judge arrived at the amount owing defendant on this counterclaim by taking the total amount allocated in the bid to supervision and awarding a percentage equal to the percentage of completion of the work by Smith & Plaster, rather than one based on the amount of work time as testified to by Brumby. Smith testified: "My arrangement with Mr. Brumby was, he was going to add to my

bid price $6,475 which I was to get from Graystone and pay Richard G. Brumby. Mr. Brumby requested that it be handled at $150 a week salary. . ." Whether the employment contract should have been considered as contended by plaintiff or defendant in counterclaim is a factual issue with the resolution of which this court cannot interfere.

*Judgment affirmed. Bell, C. J., concurs. Pannell, J., concurs specially.*

ARGUED JANUARY 5, 1971—DECIDED MARCH 9, 1971.

*Nall, Miller & Cadenhead, James W. Dorsey,* for appellant.

*Smith, Currie & Hancock, Bert R. Oastler,* for appellee.

PANNELL, Judge, concurring specially. The majority state that on a quantum meruit "it then becomes a jury question as to whether the owner has in fact been benefited by the work and, if so, to what extent." I disagree with this statement. If a recovery is had upon a quantum meruit for work done *not according to contract, acceptance* of the work must be proven. It then becomes a jury question, not only as to whether the owner has in fact been benefited by the work and, if so, to what extent; but the jury must also determine whether the work was accepted by the owner. In other words, the ruling should be: "It then becomes a jury question as to whether he has accepted the work done not according to contract, and has in fact been benefited by the work, and, if so, to what extent." I agree with the majority that the judgment, as rendered here, was supported by the evidence both as to the acceptance of the work done, and as to the value of the benefit received, and both are required.