48898. REDMAN DEVELOPMENT CORPORATION v. POLLARD et al.

EVANS, Judge.

Redman Development Corporation, a general con-

tractor, entered into a written contract with Henry J. Pollard and James W. Wheeler, a partnership doing business as Pollard & Moss Construction Company, as sub-contractor, to do the framing of an apartment complex. Any changes in the work required written work orders. During the progress of the work a controversy arose as to payments, particularly for extra work performed; and a purported settlement and change order was entered.

Pollard & Moss Construction Company finally left the job, ostensibly because Redman refused to pay for work performed under the original contract schedule and for extra work approved and performed.

Suit was filed by Pollard & Moss on a quantum meruit theory, seeking a money judgment for work performed. Redman answered, denied any indebtedness and pleaded an accord and satisfaction.

Plaintiffs contend that because defendant did not pay them, plaintiffs were unable to pay their employees; and consequently they could not continue performance and working on the job; that they did perform carpentry work, including many changes, of the value of $278,213.74; and that defendant paid only $226,006.59 of this sum, leaving due thereon the sum of $52,207.15. Plaintiffs further contended that they had performed all of the contract with the exception of certain work of the value of approximately $6,000 when they were forced to leave the job. (Defendant contended the work that was not performed amounted to approximately $20,000.)

Defendant contends that by reason of certain written change orders the contract had been increased to $250,393.17, which was approved and agreed to by Pollard & Moss Construction Company, plaintiffs. Defendant contends that as to a disputed item of $60,089.27, same was settled by an accord and satisfaction for $32,000. However, defendant did not pay $32,000 to plaintiff, but claimed the right to deduct 10% under a provision in the contract to that effect, and actually paid $28,800. Defendant nevertheless contended that said payment was an accord and satisfaction as to the disputed item above mentioned.

The case was tried before a jury. At the close of the

evidence, defendant moved for directed verdict which was denied. Verdict was thereafter returned by the jury in favor of the plaintiffs for $46,207.15. Judgment was entered thereon and defendant appeals. *Held:*

1. Ordinarily, when one renders service valuable to another, which the latter accepts, a promise is implied to pay the reasonable value for such services. Code § 3-107; *Parker & Co. v. Glenn,* 90 Ga. App. 500 (7), 506-507 (83 SE2d 263).

2. Where there exists a written contract between an employee and employer, and the contract is broken by the employer, quantum meruit is one of the remedies of the employee for the breach. Code § 4-215; *Rogers v. Parham,* 8 Ga. 193; *Beck v. Thompson &c. Co.,* 108 Ga. 242 (1) (33 SE 894); *Myers v. Aarons,* 30 Ga. App. 750 (1) (119 SE 223); *Shubert v. Speir,* 201 Ga. 20 (1) (38 SE2d 835).

3. The original contract was increased by a change order executed by the parties whereby the parties agreed to settle $60,089.27 in extra work for $32,000. Both parties signed a letter of agreement stating that, "all other charges" prior to October 12, 1972, were settled for said $32,000. The change order and the letter were signed by one of the partners for the partnership, and $28,800 was paid by defendant and received by plaintiffs.

Pollard, another partner, contends that defendant owed the partnership approximately $18,000 on an entirely different contract, relating to "Pine Brook Apartment"; and that defendant refused to pay over the $18,000 due to the partnership unless Pollard signed and agreed to the purported accord and satisfaction above mentioned; and that he was thus required to sign said agreement; but Pollard required both plaintiff and defendant to sign a written statement showing what Pollard had been required to do. He contends this was legal coercion, and therefore, not binding on him, but with this contention we cannot agree. See *Russell v. McCarty,* 45 Ga. 197; *King v. Lewis,* 188 Ga. 594, 597 (4 SE2d 464).

The written statement Pollard required both parties to sign, showing why he signed and agreed to the settlement, was admissible in evidence, as it illustrated the transactions and difficulties between the parties. The

court did not err in allowing said written statement in evidence over objection by defendant that it did not show legal coercion, or such coercion as would void the change order and letter of agreement as to the extra work.

4. Defendant complains because of admission of certain documentary evidence, consisting of invoices, etc., but the objection made thereto was that they were not originals nor properly authenticated copies. They were not subject to this objection. The transcript shows merely that others were admitted over objection, which is too general to be considered. *Norman v. McMillan,*151 Ga. 363 (1c, 4) (107 SE 325); *Worthy v. State,* 184 Ga. 402 (4) (191 SE 457). There is no error shown in any of these complaints.

5. The settlement of the extra work of $60,089.27 for $32,000 was in the nature of an accord and satisfaction of this part of the contract when the letter of agreement and change order was signed by the parties, although $3,200 was withheld pending completion of the contract. However, this was not an accord and satisfaction of the entire transaction between the parties, but was limited to the items going to make up the $60,089.27 above mentioned. It was a jury question as to who breached the contract and as to what amount was due plaintiffs. The court did not err in denying defendant's motion for directed verdict.

6. Plaintiffs recovered a verdict of $46,207.15. There is nothing in the record to support this amount, and we are, therefore, compelled to hold the verdict is excessive. The only items which the jury could have found that plaintiff might be entitled to under the evidence are as follows:

(1) 10% of $32,000, which was withheld at time of executing the claimed accord and satisfaction, amounting to — $3,200.00.

(2) 10% of all other and previous payments under the contract, this amount having been withheld, amounting to — $21,911.84.

(3) Work performed after the accord and satisfaction, for which plaintiff had not been paid — 6,741.81.

Total — $31,853.65.

Thus, the verdict exceeded plaintiffs' claims by at least $14,353.50, which necessitates the grant of a new trial. This is not a case where the case may be affirmed if plaintiff writes off a part of the verdict because this court has no way of knowing what method of calculation the jury used or might use upon another trial, in arriving at the verdict. *McDonald v. McDonald,* 229 Ga. 702, 703 (194 SE2d 429), and cases cited.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 11, 1974 — DECIDED APRIL 9, 1974 — REHEARING DENIED MAY 2, 1974 — 

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, J. Arthur Mozley, John A. Howard,* for appellant. *Alan B. Blaisdell, B. H. Baldwin,* for appellees.