### 49204. WALKER v. JOANNA M. KNOX & ASSOCIATES, INC.

EVANS, Judge.

On October 31, 1971, a preliminary contract was executed by Joanna M. Knox, on the one part, and Exum Walker, as Exum Walker, M. D., P. C., Pension Fund, on the other part, whereby Knox was to build a dwelling house for Walker. On December 3, 1971, a building contract was entered into by *Joanna M. Knox and Associates, Inc.,* signed by Joanna M. Knox—Builder, on the one part, and Dr. Walker, as the above named trustee, on the other part, whereby Knox was to construct a dwelling for Walker for the consideration of $53,870 to be paid by Walker to Knox. Construction began in December 1971, and continued through most of 1972. Advances of $50,000 to Knox were made during 1972 by Walker. *Joanna M. Knox and Associates, Inc.* was not incorporated when the contract was executed on December 3, 1971, but became incorporated on April 7, 1972. Both parties, on August 8, 1972, executed an agreement as to extra work or "overages" in the amount of $4,043.80 to be paid by Walker to Knox at time of final payment on the contract.

But, neither final payment nor the amount of the overages was paid by Walker, and Knox filed a claim of lien against real estate of Walker, on October 10, 1972, for the sum of $8,043.80. Knox contended the contract had been completed and that Walker refused to pay same. Walker contended the house was incomplete.

Knox sued Walker in two counts. Count 1 sought $3,870 alleged to be the sum due as the balance of the contract of December 3, 1971, and $4,482.80 alleged to be due for extra work or overages. Count 2 sought $10,000 for work performed on quantum meruit.

Defendant answered, admitted the contract and his dealings with Knox, but denied any indebtedness, and contended the plaintiff had breached the contract.

Defendant also denied that the lien was properly filed, and filed a counterclaim for damages. He later voluntarily struck the counterclaim.

After discovery, the case was tried before the court without the intervention of a jury. At the completion of plaintiff's evidence, and again at the close of all the evidence, defendant moved for a directed verdict, which motions were denied.

The court then made findings of fact and conclusions of law and held the original contract was invalid because the corporation was nonexistent at the time of the execution of the contract. But the court held that plaintiff had made improvements to the property of the defendant which were worth $10,000 over and above the amount already paid by Walker to Knox. The court found in favor of the defendant on Count 1, and found in favor of plaintiff on Count 2, and awarded judgment to the plaintiff for $10,000. Defendant appeals. *Held:*

1. The president of a corporation is presumed to be its alter ego, and the presumption is even stronger where the president is the sole stockholder. *Jack Fred Co. v. Lago,* 96 Ga. App. 675, 679 (101 SE2d 165); *Walker Hall, Inc. v. Fincher,* 120 Ga. App. 193 (1) (169 SE2d 745).

All improvements were furnished by Knox, some of which were furnished when she was not actually incorporated, but thought she was; and others were furnished after she was incorporated. All payments that were made went to the corporation.

2. The existence of a corporation cannot be attacked by persons who have dealt with it as a corporation. *Stegall v. Southwest Ga. Housing Authority,* 197 Ga. 571 (4) (30 SE2d 196); *Huey v. National Bank of Fitzgerald,* 177 Ga. 64 (3) (169 SE 491).

Dr. Walker, having dealt and contracted with a body as a corporation and which purported to be a corporation, is now estopped to deny its corporate existence. *Cason v. State,* 16 Ga. App. 820, 829 (86 SE 644); *Petty v. Brunswick & W. R. Co.,* 109 Ga. 666 (3) (35 SE 82); *Consolidated Textile Corp. v. Exposition Cotton Mills,* 158 Ga. 747 (2) (124 SE 707).

3. Under Code Ann. § 81A-117 (a) (§ 17, CPA, Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107), it is too late

for defendant to complain of an improper party. The above statute provides the only basis of objection to an action being maintained by a person other than the real party at interest. *Smith v. Singleton,* 124 Ga. App. 394 (3) (184 SE2d 26).

4. Where one renders service valuable to another, which the latter accepts, a promise is implied to pay the reasonable value for such services. Code § 3-107; *Parker & Co. v. Glenn,* 90 Ga. App. 500 (7), 506 (83 SE2d 263); *Redman Development Corp. v. Pollard,* 131 Ga. App. 708 (1).

The court, as trier of fact, had for consideration the question of whether plaintiff or defendant breached the contract. Plaintiff insists defendant breached it by not paying; whereas defendant contends plaintiff breached it by not completing the work. But, the court held the contract to be a nullity and held plaintiff to be entitled to judgment on quantum meruit as to labor and materials supplied, which enhanced the value of defendant's property.

The court held the contract was, in effect, a nudum pactum, as one of the parties thereto, a corporation, was non-existent at the time the contract was made. While there may have been sufficient evidence for him to have found the contract was ratified by the plaintiff corporation through the conduct of its president, this finding was not demanded. The court, instead, held the contract invalid and found for plaintiff as to quantum meruit on Count 2.

There was evidence from which the court could have determined that defendant breached the contract, by failure to pay, as contended by plaintiff. Plaintiff's suit was in two counts, first on contract, and second on quantum meruit.

Even if the contract had been valid, plaintiff had the right to sue on quantum meruit where payment was not made by the employer. In *Shubert v. Speir,* 201 Ga. 20 (1) (38 SE2d 835), it is held that when the employer breaches a contract for services, the other party is entitled to sue on quantum meruit. In *Turner v. Houser,* 110 Ga. App. 379 (138 SE2d 619), it was held that where contract for architectural services had been breached by owner,

architect, who has performed contract, may maintain action for breach or on quantum meruit. And in the very recent case of *Redman Development Corp. v. Pollard,* 131 Ga. App. 708 (2), supra, this court held that where a written contract exists between employer and employee, and is broken by employer, quantum meruit is one of remedies of the employee for the breach, and cites Code § 4-215; *Rogers v. Parham,* 8 Ga. 190; *Beck v. Thompson &c. Co.* 108 Ga. 242 (1) (33 SE 894); *Myers v. Aarons,* 30 Ga. App. 750 (1) (119 SE 223); *Shubert v. Speir,* 201 Ga. 20 (1), supra.

All but one of the enumerations of error involve a claim of conflict between a written contract and the finding of the court on quantum meruit. None is meritorious.

5. The remaining enumeration of error is as to whether or not plaintiff proved the reasonable value of the services rendered. President Knox testified that improvements to the property, over and above the $40,000 already received in payment, were easily worth more than $10,000. This was the amount of the judgment. This question of fact was one for the judge as the trier of the facts. The judgment is supported by evidence and this enumeration of error is not meritorious.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED APRIL 4, 1974 — DECIDED MAY 10, 1974 — REHEARING DENIED MAY 29, 1974 —

*Scheer & Elsner, Robert A. Elsner,* for appellant.
*Haas, Holland, Levison & Gibert, Richard N. Hubert,* for appellee.