## 49005. REDMAN DEVELOPMENT CORPORATION v. POLLARD et al.

PANNELL, Judge.

Henry J. Pollard and James W. Wheeler, doing business as Pollard and Moss Construction Company, sued Redman Development Corporation, a foreign corporation engaged in business in the State of Georgia, to recover $71,785.94 for labor and materials furnished in the construction of an apartment complex, now known as Pinebrook I Development, located in DeKalb County, Georgia. Defendant denied liability and claimed that the $5,347.50 it required to complete the work when plaintiffs failed to perform, coupled with monies previously paid to plaintiff resulted in an amount in excess of the total amount that defendant would have been required to pay had plaintiffs complied with its contract and completed the work. The jury returned a verdict for the plaintiff in the amount of $62,935.87, but found against a requested lien. Judgment having been entered, defendant appeals.

Appellant, the contractor, and appellee, the subcontractor, entered into a written contract for the framing of buildings in an apartment complex. A paragraph of the contract provided that work changes had to be in writing and signed by the appellant, or its authorized representative to be valid. As work progressed, changes in constructional plans due to architectural errors, and requirements of lending and county inspections caused appellant's project manager and/or district manager to orally request certain modifications and extra work be made by the appellee. These requests, made in accordance with the custom of the trade, were executed by the appellee. Periodic payments under the contract were made by appellant to appellee. Upon completion of a unit or phase of the work,

the appellee submitted a request for payment to the project manager for the labor cost less 10% retainage. After inspection by the project manager of the work allegedly completed and its acceptance, the project manager would forward the request to the district manager for his approval and for forwarding by him to appellant's office in Dallas, Texas, for payment. Appellant, in due course, began to forward the appellee checks in payment which were less than the amount claimed after deducting the 10% retainage. No explanations of the reasons for reduced payments were tendered by appellant. Appellee complained of the underpayment and was advised, apparently by a new project manager and a new district manager that the oral requests for change or extra work not having been reduced to writing and not having been ordered by them they could not recommend payment. On August 23, 1972, a conference ensued and appellee was advised that appellant would settle the framing dispute by paying only designated work orders for $37,153.28; 50% payable then and the balance of $18,576.64 payable "at the time all work is done and accepted by myself (Regional Construction Manager), DeKalb County, and the Construction Lender." Appellee agreed to the settlement to meet payrolls. In November and December, 1972, appellee billed appellant for work performed pursuant to work orders and change orders approved prior to August 23, 1972. These sums, including retainage, totaled $39,672.80 and remain unpaid. Appellant having failed to pay, appellee left the job and this litigation followed. *Held:*

1. The appellant is no stranger before this court. See *Redman Development Corp. v. West,* 127 Ga. App. 265 (193 SE2d 213); *Redman Development Corp. v. Pollard,* 131 Ga. App. 708. The latter case concerned a similar dispute between the same parties, but involved the Hunters' Glen Apartment complex. We think that decision controls our disposition of the instant case. There the appellees recovered a verdict which was unsupported by evidence of record to support the award. It was held that the only items that the jury could have found were: (1) the amount withheld from cash

settlement of the dispute; (2) the retainage; and (3) the work accomplished after settlement. Applying the facts of the instant case to this itemization of amounts recoverable, we are satisfied that the jury was entitled to find, had it elected so to do:

| | |
|---|---:|
| (1) 50% of the amount of settlement | $ 18,576.64 |
| (2) Retainage (10% of the amounts appellant elected to pay) | 43,128.39 |
| (3) Work accomplished after settlement | 37,140.47 |
| Total | $98,845.50 |

Thus, the evidence available to the jury amply supports the jury's verdict of $62,935.87 and we will not disturb it. The trial judge did not err in overruling appellant's motion for a directed verdict and entering judgment for the appellee.

2. Enumerations of error 2, 3, 4 and 7 relate to the trial judge's charge to the jury and suffer from the same infirmity, i.e., no objection was made prior to the time the jury returned its verdict. Ga. L. 1968, pp. 1072, 1078 (Code Ann. § 70-207 (a)). The enumerations are without merit.

3. The remaining enumerations of error are either mooted by this opinion or are considered to lack merit.

*Judgment affirmed. Eberhardt, P. J., and Evans, J., concur.*

Argued February 6, 1974 — Decided May 15, 1974 — Rehearing denied June 14, 1974 —

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, J. Arthur Mozley, John A. Howard,* for appellant. *Alan B. Blaisdell, B. H. Baldwin,* for appellee.