53001, 53002. ADAIR REALTY COMPANY v. WELLMAN; and vice versa.

McMURRAY, Judge.

Thomas M. Wellman was employed as a real estate agent by Adair Realty Company. Wellman's responsibilities consisted of locating and securing, under contracts, large tracts of undeveloped property which exhibited potential for future business development. He was to receive no salary but real estate commissions would be divided 60% to the agent and 40% to Adair on sales generally paying 10% commission to the broker. In the event a purchaser could not be found by a sales representative, Adair had in its organization an investment expert as to syndication of property; and if the services of this expert were used in the sale of property Adair would generally receive 40% of the commission, the

agent and the investment expert would split the remaining 60%-55% to the agent and 45% to the investment expert.

Wellman obtained for Adair the right to sell property having considerable potential known as the Ewing property, which later required syndication through Adair's investment expert. Wellman was not responsible for selling the property, although he did provide certain services to the expert who was to find investors to purchase the property in question. A sales contract was entered with the sellers, the purchaser being Orchard Corporation, a wholly-owned subsidiary of Adair. This contract did not provide for a commission in the negotiation of this contract as no broker was shown to be involved therein. Orchard Corporation then purchased the property. Adair was unable to obtain a purchaser or purchasers, and finally it was purchased by officers and employees of Adair, along with another investor, from Orchard Corporation. In the meantime, Wellman had terminated his employment with Adair. However, at the time of the sale of the Ewing tract to the officers and employees and the other investor, no commission was paid on the purchase, and Wellman did not receive any amount for his services rendered to the company in the sale of the Ewing property.

Wellman sued Adair and Orchard Corporation (which was later dismissed as a defendant) in two counts. Count 1 sought commissions earned plus expenses of litigation. Count 2 sought the reasonable value of his services on a quantum meruit basis plus expenses of litigation due to the defendant's bad faith in being stubbornly litigious and having caused him unnecessary trouble and expense.

At the trial of the case before a jury Adair moved for directed verdict on several grounds which was overruled, and the court allowed this issue to be determined by the jury. The jury awarded plaintiff $32,500 as to Count 2 (quantum meruit) and in addition awarded $7,500 expenses of litigation. Defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial. The motion for judgment notwithstanding the verdict was granted with respect to the expenses of

litigation ($7,500), and the judgment was modified accordingly. Motion for new trial was denied, and defendant appeals. Plaintiff cross appeals as to the granting of the motion for judgment notwithstanding verdict relative to the expenses of litigation. *Held:*

1. Ordinarily when one renders services valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof. An action to recover same is one upon quantum meruit. *Hudson v. Hudson,* 90 Ga. 581, 584 (16 SE 349).

2. Where there is in existence an express contract of employment, this would bar recovery in an action in quantum meruit. *Thomas McDonald & Co. v. Elliott,* 92 Ga. App. 409 (88 SE2d 440); *Ford v. Harden,* 94 Ga. App. 902 (4) (96 SE2d 617); *Davenport v. Pope,* 96 Ga. App. 799 (101 SE2d 614). But if work has been received and is performed not necessarily in accord with the contract and the employer has in fact been benefited by the work, the employee is entitled to the reasonable value of the services rendered, which means value to the employer rather than the result to the workman. *Ford v. Smith,* 25 Ga. 675; *Brumby v. Smith & Plaster Co. of Ga.,* 123 Ga. App. 443, 444 (1) (181 SE2d 303).

3. Here, there were changes in the employment commission, that is, after plaintiff had left employment. Finally, a sale was consummated, not under the original agreement whereby the corporation received 40% of the earned commission and plaintiff earned 55% of the 60% earned commission, but in order to preserve the transaction, the employer and certain of the officers and directors agreed to a closing whereby a purchase was made with other investors, and they all agreed *to waive the commission.* Unfortunately for the employer, no agreement was entered with the ex-employee, the plaintiff, as to his waiver of commission, and he is entitled to the value of his services on a quantum meruit basis to be determined by the jury from the evidence as to the value to the employer, if any. *Marshall v. Bahnsen,* 1 Ga. App. 485 (1, 2) (57 SE 1006); *Johnson v. Lipscomb-Weyman-Chapman Co.,* 46 Ga. App. 798, 801 (169 SE 266); *Brumby v. Smith & Plaster Co. of Ga.,* 123 Ga. App. 443, 444, supra; *Circle Mills, Inc. v. Millender,*

133 Ga. App. 811 (212 SE2d 467). The jury might consider the price of the entire property and the commission which would have been earned if it had been closed as originally contemplated. See *Kraft v. Rowland & Rowland,* 33 Ga. App. 806 (4) (128 SE 812). An undivided interest in the property was sold to several investors, even though other officers and employees agreed to purchase the other interest. The mere waiver of commission in order to prevent the loss of the property from the brokerage corporation's inventory of speculative properties does not disclose that no value flowed to defendant. Plaintiff's services were of value as possible speculative earnings, even though witnesses now contend the defendant received no commission in closing it by waiving commissions. Yet its wholly owned subsidiary — Orchard Corporation — was able to absolve itself of the property through sale to others. This in itself was a possible benefit to the defendant corporation. There was evidence to support the verdict, and a verdict was not demanded for the defendant.

4. There was no wilful breach of the employment contract by agreeing to sell the property from Orchard Corporation to officers and employees of defendant and several of its prospective investors, but same was due to economic necessity to avoid loss of the speculative sale. The evidence here was in dispute, and the jury awarded its verdict on quantum meruit, not on any employment commission contract. The mere refusal to pay a disputed claim is not equivalent of stubborn litigiousness and bad faith. Nor is it an attempt to cause plaintiff unnecessary trouble and expense to collect his money which was not definite and certain. See *Employers Liab. Assur. Corp. v. Sheftall,* 97 Ga. App. 398 (5) (103 SE2d 143); *Adams v. Cowart,* 224 Ga. 210, 214 (160 SE2d 805); *D. H. Overmyer Co. v. Nelson-Brantley Glass Co.,* 119 Ga. App. 599, 602 (2) (168 SE2d 176).

*Judgment affirmed in both cases. Quillian, P.J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED JANUARY 4, 1977 — REHEARING DENIED JANUARY 27, 1977.

Jones, Bird & Howell, Earle B. May, Jr., Judson Graves, for appellant.

Barwick, Bentley & Binford, Thomas S. Bentley, Gary L. Seacrest, for appellee.