Powell, J.
The Carolina Portland Cement Company sued the R. L. Moss Manufacturing Company upon an open account for a quantity of cement. The defendant pleaded that the cement had been bought under an express warranty of its suitableness for tile making, and that this warranty had failed, resulting in certain .specified loss and damage to the defendant. It seems that in September 1903, Bondurant & Co., of Athens, Ga., wrote to the ■Carolina Portland Cement Company, asking for quotations upon •certain cement, sold under the designation of “Hammer Brand.” Under date of September 8, 1903, the following reply was received:
“Messrs. Bondurant & Co.,'Athens, Ga.
Dear Sirs: — We have your favor of the 5 inst., and beg to quote you our ‘English’ brand, highest grade imported Portland cement,.etc. These are special figures on this celebrated brand. We can sell you our Hammer Brand cement, Portland cement at the same price. However, Hammer is an inferior grade cement to our English, and is not as well adapted for artificial tiles as *233 <our English brand. This latter brand we are selling the different tile companies all over the TJ. S. We will be glad to extend you any information we can in regard to your new undertaking, and will be pleased at all times to sell you the best cements at the very lowest prices. Yours very truly,
Carolina Portland Cement Co.”
'Subsequently to this time the E. L. Moss Manufacturing Company became created as a corporation, and at their request, on April 7, 1904, Bondurant & Co. again wrote to the cement company requesting quotations on the “Hammer” cement. In reply the cement company wrote as follows:
“Charleston, S. C., Apr. 8, 1904.
Mess. Bondurant & Co., Athens, Ca.
Gentlemen: — We have yours of the 7th, and will say that we have just received a fresh cargo of English cement, which we guarantee better than Hammer in every respect. We will sell you this cement at $2.07 per bbl. in cloth bags, bags extra, f. o. b. Athens. This cement is guaranteed better than Hammer in every respect, and, as we have a fresh cargo just discharged, we suggest that you take several cars at once, if you anticipate using much of this material. Yours truly,
Carolina Portland Cement Co.”
The Moss Manufacturing Company, taking this quotation as if made directly to them, wrote the following letter on April 9, 1904:
“Carolina Portland Cement Co., Charleston, S. C.
Gentlemen: — Eeplying to yours of 4/8. Please ship us at once at price quoted in cloth sacks 1 minimum car ‘English’ cement. This order is conditioned upon our being permitted to return the .sacks. ■ Yours-very truly,
E. L. Moss Mfg. Co.”
On April 11th, this order was accepted by the following letter:
'“The E. L. Moss Mfg. Co., Athens, Ga.
Dear Sirs: — We have yours of the 9th inst., and thank you for your order for one car of ‘English’ brand cement, which we will ship from Savannah within the next few days. As stated in our original letter, we charge extra for bags at 10 cts. each, &c XX X
Trusting we will do a large business together, and awaiting your further commands, we are, Yours very truly,
Carolina Portland Cement Co., Prank C. Eord, Yice-Pres. & Ass’t Mgr.”
*234 The letter from the cement company to the Moss Mfg. Co. Hinder date of September 8, 1903, was admitted in evidence over the objection of plaintiff; and this ruling and another of similar nature are the subject-matter of the cross-bill. The only assignment of error in the main bill, outside of the general ground, is that the court charged the jury as follows: “The defendant contends that plaintiff warranted the cement sold to be suitable for tile-making and to be superior to ‘Hammer Brand’ in all respects. The plaintiff contends that it warranted the ‘English’ brand of cement to be superior to ‘Hammer’ only. It is for you to decide from the evidence whether the plaintiff warranted the ‘English’ cement generally to be suitable for tile making or whether it merely warranted it to be superior to ‘Hammer Brand’ cement.”
1. The charge of the court complained of is apparently susceptible to the criticism that it submits to the jury the duty of construing the written contract between the parties. We are not^ sure that this criticism is well taken. In the light of all the record we are led to believe that the trial judge in this portion of his charge was merely attempting to leave to the jury the solution of the qúestion of fact as to whether there entered into the contract between the .parties only the letter of April 8, or also the letter of September 8, there being a dispute in the evidence as to whether the defendants, in ordering the .cement, acted upon only one of these letters or upon both of them. In no fair sense can the letter of September 8, directed to Bondurant & Co., be regarded as forming a part of the contract. At the date this letter was written the defendant corporation was not in existence. While it would have been legally possible for the parties to have contracted in such manner as to incorporate this previous letter as a portion of the contract by reference thereto, it will be seen from the correspondence that no such reference was made. The court, therefore, should have construed the contract in accordance with the letter of April 8; and since this construction would have been adverse to the contention of the defendant, the charge, even though it be regarded as erroneous, can not be regarded as hurtful to' the defendant.
2. There was sufficient evidence to justify the verdict. This court never questions the finding of a jury where the evidence, *235 no matter what the conflict be therein, is legally sufficient to authorize it.
The judgment on the main bill of exceptions being affirmed, the cross-bill is dismissed.