49042. ORKIN EXTERMINATING COMPANY, INC. v. EVANS IMPLEMENT COMPANY.

Clark, Judge.
This appeal is by defendant below from a judgment

rendered in favor of plaintiff where the complaint sought a specified sum "for repairs made to a certain Locke Power Mower, which belonged to defendant and which repairs were made at the defendant's request." The findings of fact by the trial judge sitting without a jury were "That the defendant ordered the work done by the plaintiff after the price set forth in this suit had been quoted to him" and "That the plaintiff did the work as set forth in the suit and is entitled to a judgment" for the amount sued for plus interest.

Appellant argues that the issue for determination was plaintiff's performance. Accordingly, it is contended that the evidence required the principle of quantum meruit to be applied rather than the contract price. Counsel relies upon *Brown v. Home Security Corp.*, 106 Ga. App. 147 (126 SE2d 439). Such reliance is not well founded as it was there held that where a contract for services is breached it is for the plaintiff to elect as between seeking to recover under the contract or on a quantum meruit for the value of the services. That holding does not empower defendant to make the selection.

Plaintiff here sued for the amount stipulated in an oral agreement. The court's findings of fact shows that it used that contractual figure as being the applicable measure of damages. This was proper. *Frierson v. Fincher*, 134 Ga. 113 (1) (67 SE 541). See also *Ford v. Harden*, 94 Ga. App. 902 (2) (96 SE2d 617); *Davenport v. Pope*, 96 Ga. App. 799 (101 SE2d 614).

Our examination of the trial transcript shows there was competent evidence to support the findings of fact as to the terms of the agreement, the performance of the work, and an agreed price. Under such circumstances we must affirm. Code Ann. § 81A-152; *Cutcliffe v. Chesnut*, 126 Ga. App. 378 (190 SE2d 800).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1974 — DECIDED MARCH 13, 1974 — REHEARING DENIED MARCH 29, 1974.

*Glenville Haldi,* for appellant.
*Herbert Johnson, Allen J. Hammer,* for appellee.