## 53916. WHITE v. SEABOARD COAST LINE RAILROAD COMPANY et al.

SMITH, Judge.

White, the appellant, brought this action seeking recovery for the death of her husband, who was killed when a Seaboard Coast Line train collided with his truck. A jury verdict was returned in the appellee's favor, and White appeals the judgment entered on that verdict, contending there were errors in evidentiary rulings and in the charge. We find no reversible error and affirm the judgment.

1. As the decedent's truck approached a railroad crossing in Ambrose, Georgia, warning lights and bells indicated an approaching train. The view between the train and the truck was obstructed by railroad tank cars parked on a side track. One truck pulled up to and traversed the crossing a few seconds before the decedent attempted to. The decedent approached slowly, stopped or nearly stopped, then pulled onto the track and was broadsided by the train. The appellant attempted to introduce testimony concerning prior malfunctions of the warning devices at this crossing, purportedly to show that the devices occasionally became activated although no train was coming. If this was true, and if it was commonly known, then an inference might be raised in the minds of the jury that the decedent thought there was no train coming as he pulled onto the track. Such an inference is relevant to determining the amount, if any, of the decedent's negligence; the testimony was therefore admissible. *Steiner v. Melvin,* 143 Ga. App. 97 (1977).

However, at the time the testimony was excluded the trial court was not informed what the witness would have answered, and how that answer would have been material and would have benefited the appellant. The exclusion of admissible testimony does not constitute reversible error

unless the trial court is apprised of these factors. *Griffin v. Henderson,* 117 Ga. 382 (43 SE 712) (1903).

2. The remaining objections to evidentiary rulings and the charge are without merit.

*Judgment affirmed. Bell, C. J., concurs. McMurray, J., concurs specially.*

ARGUED MAY 3, 1977 — DECIDED NOVEMBER 10, 1977.

*Edwin M. Saginar,* for appellant.

*Jay, Garden, Sherrell & Smith, Clayton Jay, Jr.,* for appellees.

McMURRAY, Judge, concurring specially.

Plaintiff's decedent in this wrongful death action was killed in a train-auto collision at a railroad crossing. The decedent's truck approached a railroad crossing where the warning lights and bell indicated an approaching train. Decedent, whose view was obstructed by railroad cars parked on a side track, pulled onto the track and was killed when the train crashed into his truck.

In order to neutralize the evidence of contributory negligence on the part of plaintiff's decedent, plaintiff attempted to show that the warning devices at the crossing had repeatedly malfunctioned in warning of approaching trains, when, in fact, there were no approaching trains. Such evidence, if accepted as true by the jury, might raise an inference in their minds that the decedent reasonably believed the fact that the warning lights and bells had been activated did not necessarily indicate that a train was approaching. I agree with the majority that such an inference would be crucial to determining the amount, if any, of the decedent's negligence.

Attention is called to the fact that although the plaintiff's witness was not permitted to answer the question, "Have you ever known those signals to be defective in any way?" this very same witness, nine questions later, gave an answer which was partially not reponsive to the particular question asked whereby he testified: "*. . . I have heard them ring when there wouldn't*

*be no train coming."* (Emphasis supplied.) Hence, testimony as to whether or not the signals were ever defective was placed in evidence. Objection was again made, but the trial court never ruled on the objection, and this testimony was never stricken.

Furthermore, another witness for the plaintiff, over objection, was allowed on direct examination to respond on the same subject matter. Plaintiff's counsel asked this particular witness, "Have you ever heard the bells ring and the lights flash when there was no train there?" The witness responded, "Yes, I have." On further direct examination the following questions were propounded and answers elicited: Q. "When you observed that condition what did you do, if anything? A. One particular time I called the railroad in Fitzgerald collect and told them they were out of order . . . they were working when there was no train there. Q. Do you know if they did anything as a result of that call? A. They came and fixed it."

Since this testimony as to whether or not the signals were ever defective was later placed in evidence and the rules of objection violated, I concur in the judgment.