## 55297. ORKIN EXTERMINATING COMPANY, INC. v. DAUER.

McMURRAY, Judge.

Thomas G. Dauer was employed from November 1971, until September 30, 1974, by Orkin Exterminating Company, Inc. in an "in-house" advertising department of Orkin, in the creation and production of advertising materials for use primarily by Orkin. Orkin contends Dauer was terminated as of September 30, 1974, but during the month of October thereafter he would be paid his regular salary as a free lance person. However, Dauer contends that there was an express agreement to pay him a reasonable rate of $65 per hour as a free lance art director during the month of October.

Whereupon Dauer sued Orkin for breach of contract seeking $13,520 as the reasonable value of services rendered, contending that the defendant had stubbornly refused to pay him as a result of which he was required to bring this action by reason of the bad faith of the defendant. He also sought attorney fees. Defendant answered, denying the claim contending that the plaintiff had been paid in full.

Shortly before trial plaintiff amended his complaint to add another count setting forth a claim in quantum meruit for the value of reasonable services rendered.

The case proceeded to trial before a jury which returned a verdict in favor of the plaintiff in the amount of $9,800 plus 7% interest as to Count 2 of the complaint. The judgment followed the verdict in which the court

determined the interest to be $1,785.60 thereby rendering judgment in the total amount of $11,585.60 against the defendant. A motion for judgment notwithstanding the verdict or in the alternative for new trial was thereafter filed and denied. Defendant appeals. *Held:*

1. There is no dispute here that plaintiff was employed during the month of October to perform certain services for the defendant, his services as an employee having been terminated as of September 30, 1974. Throughout the trial there was sharp conflict in the evidence as to his new relationship during the month of October and as to the amount of compensation to be paid the plaintiff by the defendant for his work during this period. Plaintiff contends and so testified, as well as another witness, that he was to be paid at the rate of $65 an hour. The evidence was sufficient to authorize the verdict. *Moss Mfg. Co. v. Carolina Portland Cement Co.,* 1 Ga. App. 232 (2), 234-235 (57 SE 914); *Hogan v. City-County Hosp.,* 138 Ga. App. 906, 907-908 (227 SE2d 796).

2. The plaintiff was authorized to cast his petition in two counts, one on express contract and one on quantum meruit. See in this connection *Brannen v. Lanier,* 97 Ga. App. 30 (2) (102 SE2d 96); *Shubert v. Speir,* 201 Ga. 20 (1) (38 SE2d 835); *Brown v. Home Security Corp.,* 106 Ga. App. 147 (126 SE2d 439); *Kraft v. Rowland & Rowland,* 33 Ga. App. 806 (2) (128 SE 812). Defendant argues that the trial court erred in charging the jury that it might consider the two counts in the alternative. That is, if the jury found complainant was not entitled to recover on Count 1 (express contract) it would be authorized to go forward and determine whether or not the complainant is entitled to recover on a quantum meruit basis as alleged in Count 2. However, it is noted the court did charge the jury fully that, "if it was shown by the evidence that the plaintiff had agreed to accept a certain sum as compensation for his work" he would not be entitled to make a claim for quantum meruit against the defendant. Further, the court fully charged the jury that plaintiff would be entitled to recover after all, either on Count 1 or Count 2 and not on both of the respective counts. Further, that if he was entitled to recover on Count 1 he would not

be entitled to recover on Count 2, and if he was entitled to recover on Count 2, of course, the jury would deal no further with Count 1. There is no merit in this complaint.

3. Defendant's next complaint is that the trial court erred in excluding certain testimony and documentary evidence tending to show certain work allegedly performed by the plaintiff had not been created by plaintiff during the last month of October but had been previously created. Defendant contends this evidence was acutely relevant to refute the contentions of the plaintiff as well as to attack his credibility as a witness, citing Code § 38-1802 and *Middle Ga. & A. R. Co. v. Barnett,* 104 Ga. 582 (1), 584 (30 SE 771). However, only hearsay testimony was excluded by the trial court on objection. Further, at the time of the exclusion of an answer to the next question, defendant's counsel failed to inform the court as to what that answer would have been or how it would benefit defendant. No reversible error was shown. *Griffin v. Henderson,* 117 Ga. 382 (43 SE 712); *White v. Seaboard C. L. R. Co.,* 143 Ga. App. 821 (1) (240 SE2d 203). Objection was made to the invoice because it was attached to an undated copy of an advertisement and no proper foundation or identification or relevance was presented to justify its introduction into evidence as a memorandum or record of any act, transaction, occurrence or event within the business records under Code Ann. § 38-711 (Ga. L. 1952, p. 177). It was an invoice of another business, not that of the defendant. See *Walburn v. Taunton,* 107 Ga. App. 411 (2) (130 SE2d 279). However, we note that the witness was allowed to testify as to the same matter which defendant contends was erroneously excluded hence any error was harmless. *F. N. Roberts Corp. v. Southern Bell Tel. & Tel. Co.,* 132 Ga. App. 800, 802 (3) (209 SE2d 138); *Murray v. Hawkins,* 144 Ga. 613, 614 (7) (87 SE 1068). Further, defendant was contending plaintiff would be paid "at your regular salary rate as a free lance person." Plaintiff contended that he was employed to do the free lance work on advertising and sales promotion purposes "specifically the 'rat chart,' 'Dwoskin space ad,' first servicemen's film strip and fumigation film strip." This was denied in defendant's answer, but by brief defendant admits plaintiff was to remain employed for an additional

month (October, 1974) during which time he would finish the projects upon which he had already embarked, "to complete the 'rat chart,' the most current 'Dwoskin space ad,' the first servicemen's film strip and the fumigation film strip." The witness was authorized to state that the art work in the ad would have had to be received on or before September 10, 1974. The testimony of the witness as to running of the ad twice was obviously hearsay and properly excluded. In order to prove that the ad had run twice the witness admitted that she had talked to the publisher, and this testimony was properly excluded. The invoice was excluded because it was stapled to an undated copy of an advertisement appearing in a January magazine. No offer to separate the invoice was made. The trial court did not err in excluding the invoice under the circumstances.

4. After examination of all the enumerations of error, arguments of which have been consolidated as shown above under the above divisions of this opinion, we find no error.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 6, 1978 — DECIDED APRIL 25, 1978 —
REHEARING DENIED MAY 22, 1978 —

*Decker & Duncan, Richard P. Decker,* for appellant.

*Kenneth R. Ott, Taylor W. Jones, Kent Stair,* for appellee.