64936, 64937. GILBERT et al. v. POWELL; and vice versa.

McMurray, Presiding Judge.

John Broach Powell, an architect and owner of a duplex in midtown Atlanta entered into a renovation contract with a building contractor (Gilco Construction Company, d/b/a Gilbert and Associates). A duplex, owned by Powell, had been condemned as the result of a fire, and Powell was financing in part the renovation of the house through a program administered by the Atlanta Housing Authority (AHA). The parties entered into an AHA form contract (bid offer and acceptance) in which the amount of the original renovation work was for the lump sum price of $21,500. The purpose of this contract was to bring this fire damaged and condemned dwelling into compliance with the building code of the City of Atlanta. However, the parties entered an AIA (American Institute of Architects) form contract which provided "[t]he maximum cost to the Owner, including the Cost of the Work and the Contractor's Fee, is guaranteed not to exceed the sum of $21,500." This instrument dealt with the cost for changes, in the work on the subject premises as requested by the owner, by reference to cost changes, that is, both additions to and deletions from the original plans. As the work progressed the owner made changes and as the direct result of the changes in construction there were certain deletions of work including materials and labor which had been provided by the contract.

The contractor contends that the cost of extras or additions amounted to $30,758. The owner, however, contends that the reasonable value of such additional work including labor and materials is only $10,386 and that certain deletions would have cost the contractor approximately $9,000 if he had performed under the original contract, and therefore, there was virtually a set off of the cost of labor and materials involving the changes. After the

renovations were completed the owner provided the contractor with a list characterized as a "punch list" relative to alleged defects in construction and contends that the reasonable cost of correcting such deficiencies is $6,542.

The controversies thus arising between the parties resulted in a lawsuit between Gilbert, as plaintiff, and the defendant Powell in which the plaintiff seeks damages and a special lien (a claim of lien having been filed) by reason of the failure of the defendant to pay the plaintiff in full seeking judgment in personam in the amount of $38,249.07 and an interim judgment in the form of a special lien upon the property to foreclose the claim of lien upon the property. The AIA contract was attached in which the contractor would receive "Contractor's cost plus fifteen (15) per cent of the Contractor's cost," that is, the "actual cost to the Contractor plus fifteen (15) per cent," applying to both "deletions and/or additions" in the work. This contract referred to drawings, specifications, the city contract and the agreement.

The defendant was served under the long arm statute having left Atlanta for California. However, he answered, in substance, denying the claim including the claim of lien alleging the plaintiff breached the obligations of the contract for the labor and materials contending the maximum cost was to be $21,500. Admissions of the plaintiff were that his actual claim was in the reduced amount of $30,758.07. The plaintiff had executed a final contractor's affidavit acknowledging full and complete payment thus waiving any lien on the subject property amounting to estoppel to now claim a lien against the property. Plaintiff received payments totalling $25,751, consisting of $18,260 paid by defendant to plaintiff and $7,491 paid to plaintiff by the City of Atlanta. Plaintiff thus has been paid in full. Defendant also added that any indebtedness claimed had been off set by payments received, as well as a substantial expense and damage incurred by the defendant as the result of defective work, and plaintiff is indebted to the defendant in the amount of $3,036.83. By counterclaim the defendant sought this sum plus $10,000 expenses of litigation and attorney fees by reason of plaintiff's bad faith and stubborn litigiousness.

The original suit was filed on November 22, 1978, and after considerable discovery plaintiff amended his complaint setting forth in Count 1 the breach of contract and in Count 2 quantum meruit, filing same in court on April 21, 1981. In addition, plaintiff made a request to enter upon the premises for the purposes of discovery in order to inspect and photograph portions of the interior and exterior, filed July 31, 1981, said inspection and photography to be permitted on or before August 3, 1981. The defendant then filed objections to

the request to enter the premises, a motion in limine to exclude certain evidence and to strike Count 2 of the amended complaint (the quantum meruit action). After a hearing on August 7, 1981, the trial court denied plaintiff's motion to enter the premises, deferred action on the motion in limine and barred the parties from filing any other motions or amendments to pleadings whatsoever, without prior leave of the court. Thereafter, the court entered another order limiting the evidence on the trial of the case to the express written contract or contracts in this case.

The parties then stipulated and agreed to withdraw previous jury demands and submit the trial of the case to the court as to all issues without the intervention of a jury, and same was specially set down for trial on a certain date (April 5, 1982). After trial the court rendered its findings of fact with reference to the contentions of the parties and the undisputed fact that the owner paid to the contractor the total sum of $25,751. The contentions of the plaintiff is that the cost of the extras was $30,758 and that he was entitled to recover interest, as well as reasonable attorney fees and cost of litigation. The owner contends that the reasonable value of such additional work was only $10,386 and other deletions would have cost the contractor approximately $9,000 had he performed same under the original contract, and therefore, there was a virtual set off as to the cost of labor and materials. The plaintiff contractor had been presented a "punch list" which the defendant contends involved the reasonable cost of correcting deficiencies in the amount of $6,542. The court then considered, insofar as the contractor's claim is concerned, certain testimony and evidence, the same being a purported ledger sheet indicating purchase of materials, cost of labor and sub-contractor work which the plaintiff contends he normally kept in the regular course of business, setting forth that same was not supported by vouchers or other accounting. The court stated that by consent of the parties it had inspected the premises and found deficiencies, but the court "was not satisfied with reasonable certainty" as to the cost of correcting these deficiencies. The court then held the evidence was totally inadequate to support the claim for a number of reasons, including the failure to separate the costs of the materials in the contract work, a lack of competent evidence of cost of materials relating to the changes requested by the defendant and that an article of the contract specifically provided for detailed accounting, yet there is no accounting, detailed or otherwise. The court concluded that the evidence in compliance with the best evidence rule was sorely lacking and the court could not with reasonable certainty assess damages. The court then stated that it applied the elemental rule of the preponderance of the evidence (after considering "all evidence")

as defined in Code § 38-106 (now OCGA § 24-1-1, effective November 1, 1982) and determined in Code § 38-107 (now OCGA § 24-4-4, effective November 1, 1982). The court then held it was unconvinced by the greater weight of the evidence that the plaintiff is entitled to recover based upon the claim. As to the counterclaim defendant had failed to carry the burden on the issue of liability. Accordingly, judgment was entered in favor of the defendant and against the plaintiff on plaintiff's claim and in favor of the plaintiff on defendant's counterclaim.

In Case No. 64937 plaintiff appeals; in Case No. 64936 the defendant cross-appeals. *Held:*

1. The first enumeration of error is concerned with the trial court's denial of plaintiff's request to enter the premises. It is noted here that suit was originally filed on November 22, 1978. Plaintiff employed new counsel whose first notice of his appearance as counsel for plaintiff is dated March 12, 1981. It is this counsel who made the request to enter upon the premises filed July 31, 1981, which request was to enter the premises within three days and we note this was within several months of present counsel's first involvement. The complaint here is that a visit to the premises subject to this litigation was essential and that same was sought "at a date and time agreeable to the parties" (see plaintiff's brief). Nevertheless, it does not seem to have been agreeable to the defendant who filed objections thereto on August 5, 1981. Plaintiff now contends it was prejudicial and harmful error for the court to have denied plaintiff access to the premises.

Generally, in sustaining or overruling objections in interlocutory rulings this court will reverse only upon a showing of an abuse of discretion. See *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291); *Ambassador College v. Goetzke,* 244 Ga. 322, 323 (1) (260 SE2d 27), and cases cited therein. We note here at that point in time the case was ready for trial, the parties having announced ready and the plaintiff failed to give proper notice for inspection of the premises with reference to them, but thereafter the case was not tried until April 5, 1982, and no other proper request was thereafter made for inspection. As plaintiff has failed to point out any evidence showing an abuse of discretion we find no merit in this complaint.

2. It is contended by brief that at a pretrial conference present counsel indicated a desire to submit evidence on quantum meruit. Thereafter the complaint was amended to include a separate count (Count 2) for quantum meruit on April 21, 1981. We note here that the plaintiff, in Count 1 of the amended complaint, set forth a breach of the contract of renovation by the defendant. On motion to strike this amendment it was sustained, and the court set forth that the evidence should be limited at trial to the express written contract or

contracts in the case. The contract made for Atlanta Housing Authority placed a ceiling on the renovation work at $21,500, yet the parties prepared the AIA contract to deal with the cost for changes in the work on the subject premises as requested by the owner, that is, with requested cost changes both additions to and the deletions from the original plans. Quantum meruit (as much as the pleader deserved) or quantum valebant (as much as the work was worth) involves assumpsit, that is, the implied promise to pay for work and labor or goods sold and delivered. If there exists a written contract which is broken, one of the remedies for the breach is quantum meruit, that is, in treating the contract as rescinded. See Code § 4-215 (now OCGA § 10-6-37, effective November 1, 1982) or under Code § 3-107 (now OCGA § 9-2-7, effective November 1, 1982). See *Redman Dev. Corp. v. Pollard,* 131 Ga. App. 708, 710 (2) (206 SE2d 605). In filing suit the plaintiff was authorized to cast his petition in two counts, that is, one on express contract and one on quantum meruit. See *Orkin Exterminating Co. v. Dauer,* 146 Ga. App. 61, 62 (2) (245 SE2d 320), but having acknowledged in Count 2 the express written contract pleaded in Count 1, we find no error with the striking of the Count 2 and requiring the plaintiff to proceed on the written contract which clearly involved all changes (additions and deletions in the contract), the uncontroverted evidence showing the issue involved here was over and above the original contract price of $21,500 but fully covered in the AIA contract. In *Conway v. Housing Auth. of the City of Atlanta,* 102 Ga. App. 333, 335 (116 SE2d 331), involving an action for extra work (quantum meruit, that is, an implied promise to pay the reasonable value of the work as raised by operation of law) extra work was necessary for the proper performance of the original contract which was not therein provided for; whereas, in the case sub judice, the original written contract clearly covered all extra work and no action with reference to quantum meruit was necessary and in no way was the plaintiff prevented from producing evidence with reference to same. As the written contract here covered any and all changes in the original plans and specifications, all extra labor and materials in the improvement of property (the nature of quantum meruit, implied contract) was fully covered by the written contract. In no way could the plaintiff have elected to have relied on implied contract as opposed to his express contract. See in this connection *Willis v. Kemp,* 130 Ga. App. 758, 760 (204 SE2d 486); *Orkin Exterminating Co. v. Evans Implement Co.,* 131 Ga. App. 502 (206 SE2d 107); *Seaboard Air-Line R. Co. v. Henderson Lumber Co.,* 28 Ga. App. 391 (111 SE 220). The entire agreement having been covered in the written contract there was simply no other evidence which could be offered in support of a quantum meruit theory. Further, the

plaintiff has failed to point out what the evidence or testimony would have been or which he could have offered with reference to the theory of quantum meruit. We find no reversible error in the trial court requiring that the evidence in the case be limited "to the express written contract or contracts in this case."

3. Plaintiff's remaining enumeration of error contends that the trial court erred in its findings of fact and conclusions of law in finding that ledger entries (business records) were not supported by vouchers or other accounting and in concluding there was insufficient evidence to support the cost of extra work ordered by the plaintiff and performed by the defendant. The trial court considered the ledger sheet indicating the purchase of materials, the cost of labor, and subcontractor work; and then set forth that same was not supported by vouchers or other accounting and that the contract specifically provided for detailed accounting which was not available. Then as to the assessment of damages the court held that in compliance with the best evidence rule it could not with reasonable certainty assess same. However, the court set forth that it had considered all evidence and after applying the elemental rule of "preponderance" as defined in the statute the court was unconvinced by the greater weight of the evidence that the plaintiff was entitled to recover. The court, as trier of fact, weighed the evidence and found it wanting, refusing to make an award in favor of the plaintiff. We find no reversible error here.

4. With reference to the counterclaim counsel for defendant argues at great length that the trial court was in error in its conclusion, in considering the evidence, that it was not satisfied with reasonable certainty as to the cost of correcting certain deficiencies (not spelled out) as noted by the court in visiting the subject property and inspecting the alleged defects. Counsel argues that the court had applied the reasonable doubt rule in lieu of the preponderance of the evidence rule at issue in civil cases. Nevertheless, the court here clearly stated it was applying the elemental rule of "preponderance" and as to the defendant's counterclaim "the counterclaimant has not carried the burden on the issue of liability." While, as argued by the defendant that the evidence as to the existence and cost of correcting defective workmanship was sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other, the court elected to find against the defendant on the counterclaim. The trial court, as trier of fact, was authorized to find in favor of the plaintiff with reference to same. We cannot hold that the findings of the court (without a jury) were wholly unsupported or clearly erroneous which would be necesssary as a basis for reversal. See *American Century Mtg. Investors v. Strickland,* 138 Ga. App. 657, 659-661 (1) (227 SE2d

460); *Evans v. Marbut,* 140 Ga. App. 329, 332 (231 SE2d 94). The court having weighed the evidence in accordance with the preponderance of the evidence rule, the mere finding of the court as to deficiencies was not a finding that they involved the original scope of the work or were the result of inadequate or defective maintenance during some 3 1/2 years since the original contract was performed, and same may have been the result of additional work performed by the defendant. Further, the defendant had certified that all the work covered by the plans and specifications had been completed in accordance with these documents to his personal satisfaction. Under the any evidence rule we find no merit in either of the defendant's enumerations of error.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 23, 1983.

*Ronald G. Robey,* for appellants.
*David W. Pollard,* for appellee.