69937. DAUER v. FLIGHT INTERNATIONAL, INC.

(332 SE2d 28)

BENHAM, Judge.

Appellant, a commercial advertiser, contracted to provide advertising and marketing services to appellee, an aviation company. According to the written agreement, appellant was to receive "an annual service fee of $25,200, payable in [12] monthly installments of $2,100. Fees exceeding this amount shall be agreed upon in advance." Certain non-advertising services described in the contract and the additional advertising services not covered by the service fee were also subject to the advance agreement provision. No mention was made of an hourly rate of payment for any work to be done. The contract also included a provision to allow either party to terminate the agreement by giving 90 days' written notice.

At the outset, both parties performed their respective obligations in accordance with the contract, but a dispute arose leading appellant to file suit against appellee for damages under both quantum meruit and breach of contract theories. Appellee denied liability and counterclaimed for money it gave appellant so that he could pay other advertising vendors on appellee's behalf, which money appellant admitted he applied to the outstanding balance of the bill now contested.

Appellee moved for and was granted a directed verdict on all issues at the close of the evidence, from which appellant brings this appeal.

1. We agree with appellant's contention that the trial court erred in granting a directed verdict against him on the quantum meruit claim. The concept of quantum meruit as codified at OCGA § 9-2-7 is that "when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." Our review of the record shows that while there was an express contract for payment to do certain advertising work, there were additional advertising and non-advertising services contemplated by the parties for which they had not made specific payment arrangements. Therefore, to the extent that those services were requested, rendered, and accepted without a prior express compensation agreement, there was an implied promise to pay the reasonable value of those services. "[W]hen the parties themselves do not expressly agree, . . . the law interposes and raises a promise." *Classic Restorations v. Bean,* 155 Ga. App. 694, 699 (272 SE2d 557) (1980).

There being evidence that the services were requested, rendered, and accepted, the directed verdict was improper. Compare *Gilbert v. Powell*, 165 Ga. App. 504 (301 SE2d 683) (1983).

2. Appellant also asserts that his contract claim should have survived appellee's motion because there was "considerable evidence regarding a mutual departure" from the contract requirement that required advance approval of certain fees, thus creating a jury question. At trial, the uncontradicted evidence showed that the contract required appellant to make cost estimates for work and to have those estimates pre-approved. He did so on the first few occasions and was paid in accordance with the approved fee estimates, but only on one occasion did appellee pay for a $100 per hour work rate without prior approval. Appellee offered testimony that the payment was made because the bill was not processed in accordance with the usual company procedures, and all subsequent bills with the $100 per hour work rate were rejected since there had been no agreement for billing at that rate.

Mutual departure requires intentional acts or conduct on the part of both parties to waive the provisions of a contract. See *Exxon Corp. v. Butler*, 173 Ga. App. 146 (325 SE2d 806) (1984). There must be more than a simple breach on one party's part; there must be a pattern or course of conduct evidencing an agreement or waiver of the contract provision. *Crawford v. First Nat. Bank of Rome*, 137 Ga. App. 294, 296 (223 SE2d 488) (1976); *Shalom Farms v. Columbus Bank &c. Co.*, 169 Ga. App. 145, 147 (312 SE2d 138) (1983). No evidence of such an intention or pattern having been established, the trial court was correct in concluding as a matter of law that there was no mutual departure.

3. Nor was appellant entitled to the payment of the monthly service fee for the 90-day notice period after his resignation. Appellant's first letter, dated May 10, 1982, stated that he was giving the requisite 90 days' written notice of terminating the contract effective July 10, 1982. Appellee responded by accepting the resignation and stating that since appellant had stopped all work on its account, it would prefer to forego the balance of the 90-day notice period. Appellant wrote back on May 13, saying he was terminating the written agreement "effective immediately" and accordingly would not be placing certain ads as contracted, but would keep the money appellee had prepaid him for those ads. In light of the uncontradicted evidence that the parties reached an express mutual modification of the contract termination clause, the trial court properly directed a verdict on the breach of contract issue. See OCGA § 9-11-50 (a). The issue of attorney fees was also properly taken from the jury, there being no evidence of appellant's entitlement to them. *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219 (6) (312 SE2d 386) (1983).

4. Since on retrial the jury may reach a conclusion that differs from the trial court's finding as to the amount of damages owed to appellant, we also reverse the judgment of a directed verdict on appellee's counterclaim.

*Judgment affirmed in part and reversed in part. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 29, 1985.

*Taylor W. Jones, Rickman P. Brown*, for appellant.
*John L. Taylor, Jr., Otto F. Feil III*, for appellee.