## 76139. WIPO, INC. v. COOK.
### (369 SE2d 306)

SOGNIER, Judge.

John Cook brought an action against A. J. Textiles, Inc. (A. J.) and Wipo, Inc. to recover commissions claimed under a sales representation agreement. The jury returned a verdict in favor of Cook against Wipo, Inc. for $10,000. After denial of its motion for judgment n.o.v., Wipo, Inc. appeals.

8

1. Appellant contends the trial court erred by denying its motion for judgment n.o.v. because appellee failed to carry his burden of proving damages, and there was no evidence before the jury from which it could properly calculate damages.

The record reveals that in 1982, appellant, a company manufacturing and selling industrial toweling products, formed A. J. as a subsidiary corporation to sell certain linen goods for medical and hospital use. In July 1982 appellee entered into a sales representation agreement with A. J. which provided that he would be its exclusive sales representative and that "[c]ommission will be paid at the rate previously established. Commissions are not considered final until invoice is paid. However, commissions is [sic] credited at the time of invoicing and will be based on the selling price received by the Company." The agreement further provided that it was terminable by either party upon 30 days written notice to the other party, and that "[u]pon termination notice, commission will be paid on collection of accounts." In December 1985 appellee was given such a 30-day notice of termination by A. J. and it is undisputed that at that time, appellee agreed he would solicit no more orders. Appellee testified at trial he had $450,000 in outstanding orders as of the date of the termination of his employment with A. J. However, when asked on cross-examination: "Do you have any evidence today of this $450,000 dollars that you say was shipped that has been paid to A. J.," appellee answered "[n]o, sir, I don't . . . . I have no way of knowing whether they've been paid or not. I feel that they have been."

"[T]he standards for granting a motion for judgment n.o.v. are the same as those governing the direction of a verdict. [Cit.] 'Thus, the motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a "one-way" verdict proper, judgment n.o.v. should not be awarded . . . .'" *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (1) (256 SE2d 916) (1979). Although appellee's testimony and that of Arwood Begor, the former president of A. J., provided some evidence of the previously established and customary commission rates, from which the jury might have calculated commissions, the contract specifically provided that upon termination notice commission would be paid only when payment was collected on the accounts. It was thus necessary that appellee prove that appellant had been paid in order to show his entitlement to commissions. Since it is clear from appellee's testimony that he did not, and could not, do so, he failed to prove that appellant actually breached the contract, or that appellee was entitled to any commissions. " 'The burden is on the plaintiff to show both the breach and the damage [cit.], and this must be done by evidence

which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of damages. [Cits.] It cannot be left to speculation, conjecture and guesswork. [Cit.]' [Cits.]" *Accent Walls, Inc. v. Parker*, 162 Ga. App. 633-634 (292 SE2d 509) (1982). Accordingly, we agree with appellant that the trial court erred by denying its motion for judgment n.o.v. *Johnston v. Bill Fancher & Assoc.*, 179 Ga. App. 67, 69 (345 SE2d 144) (1986).

2. Remaining enumerations of error are rendered moot by our decision in Division 1.

*Judgment reversed. Carley, J., concurs. Deen, P. J., concurs dubitante.*

DECIDED APRIL 28, 1988.

*Ronald C. Harrison, Patrick J. Gibbs*, for appellant.
*C. Ray Griffith*, for appellee.