## A89A2041. LORD JEFF KNITTING COMPANY, INC. v. LACY.

(393 SE2d 55)

COOPER, Judge.

Appellee brought suit against appellant, his former employer, to recover unpaid sales commissions. A jury trial resulted in a verdict in favor of appellee for $20,537. Appellant appeals the trial court's denial of its motion for directed verdict and new trial, and objects to the jury charges given on quantum meruit.

Appellant is a manufacturer of men's sweaters. Typically, orders for merchandise are placed some months in advance of actual shipment. As goods are shipped, commissions are credited to accounts established for salesmen for this purpose and for the purpose of providing a fund from which salesmen draw to cover expenses between pay periods. There was an agreed upon commission rate of 6 percent for the fall fashion season and 7 percent for the spring season. The commissions at issue were for sales made before appellee left the company.

1. Appellant contends in enumerations of error 1 and 2 that the trial court erred in denying its motions for directed verdict and new trial because appellee failed to prove his entitlement to commissions and to set forth any evidence upon which the jury could base its verdict. We disagree.

A motion for directed verdict "may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a 'one way' verdict proper, [directed verdict] should not be awarded. . . . [Cit.]" *Wipo, Inc. v. Cook*, 187 Ga. App. 7, 8 (369 SE2d 306) (1988).

Appellee testified that at the time he left the company he had $20,073.65 and $813,398.22 in outstanding orders for the fall and spring seasons respectively, for which he had not been paid. Appellant's own order status sheets for the relevant time periods were introduced and reflected as much. He also alleged appellant committed to ship 90 percent of his orders. The record contains a memo prepared by a company official which illustrated a method to reduce an overdraft in appellee's account. The memo proposed a shipment rate of 90 percent.

In *Wipo*, supra, the plaintiff salesman failed to satisfy his burden of proving breach and entitlement to damages. The contract provided that the company must be paid before commissions were due. However, there was no evidence of payment in the record, nor any other evidence to support plaintiff's contentions. *Wipo*, supra at 8. In the instant case, appellant did not introduce specific shipping documents; however, when all of the documentary evidence is reviewed, it is apparent that there was a basis of support for the verdict and that the

jury would have been able to "estimate with reasonable certainty the amount of damages," not by "speculation, conjecture and guesswork." Id. at 9. Accordingly, the trial court did not err in denying appellant's motions.

2. Next, it is argued that the trial court erred in charging the jury on quantum meruit. Appellant contends that the existence of an express contract precludes recovery in quantum meruit. While parties may plead in alternative counts, there can be no recovery in quantum meruit where an express contract governs all the claimed rights and responsibilities of the parties. *Gilbert v. Powell*, 165 Ga. App. 504 (1) (301 SE2d 683) (1983). The work for which appellee sought compensation was performed pursuant to an express agreement and appellee presented no evidence of extra work performed in addition to what the contract contemplated in support of his quantum meruit claim. *Gilbert*, supra. Accordingly, the trial court erred in charging the jury on quantum meruit and in not directing a verdict on this claim at the close of the evidence. See *Brunson v. C. B. A., Inc.*, 189 Ga. App. 621 (2) (376 SE2d 706) (1988).

*Judgment affirmed in part, reversed in part and case remanded. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 15, 1990 —
REHEARING DENIED MARCH 30, 1990 —

*Macey, Wilensky, Cohen, Wittner & Kessler, Mark L. Golder*, for appellant.
*Furman Smith, Jr.*, for appellee.