S06A1879. WILLIAMS v. CITY OF ATLANTA.
(640 SE2d 35)

SEARS, Chief Justice.

The appellant, Roderick Williams, appeals from an adverse decision by the trial court on his claims for mandamus and quantum meruit relief against the appellee, the City of Atlanta. For the reasons that follow, we affirm the trial court's judgment.

1. This appeal involves a renewed action that Williams filed against the City. In the first action, which was filed in August 2001, Williams asserted claims for breach of contract and fraud. Williams

alleged that he had resigned as an employee of the city in 1997; that the city subsequently contacted him about returning to work; and that the city advised him that he would receive credit for his former years of service with the city and be paid accordingly. Williams alleged that, based on these representations, he quit his job and returned to the city in 1998, and that the city refused to pay him the agreed upon wage and refused to give him credit for his former service. He also alleged that in 2001, he filed a grievance with the city, contending that the city owed him $18,000 in back pay due to the city's failure to acknowledge his former service; that on May 10, 2001, his grievance was granted; and that the city had nevertheless refused to pay what it owed him pursuant to his agreement with the city.

The May 10, 2001, grievance decision by the Bureau of Labor Relations states that

> Errol Williams had no objections to placing you in a Sewer Service Worker, Principal, position if you meet all the present qualifications and possibly awarding you some back-pay. The Bureau of Labor Relations does not object to any accommodation the department desires to make in rectifying your situation.

On March 18, 2003, Williams amended his complaint to add a claim for quantum meruit. On March 20, 2003, the trial court granted the city's motion for summary judgment on Williams's first action as to the breach of contract and fraud claims. The trial court ruled that the two-year statute of limitation, OCGA § 9-3-22, had run on Williams's breach of contract claim. More specifically, the court found that "the terms under which [Williams] was hired constitute the contract"; "that the contract came into being upon [Williams's] acceptance of the offer of employment"; that the contract thus dates from the date of hire in 1998; and that, as the suit was not filed until 2001, it was barred by the statute of limitation. The trial court also ruled that Williams's complaint failed to state a claim for fraud. The trial court stated that he was making no ruling on the quantum meruit claim.

On June 13, 2003, Williams voluntarily dismissed the original action. However, on December 12, 2003, he filed a renewal action, re-asserting his claim for quantum meruit recovery. Williams based his renewed complaint on the same allegations made in his original complaint, and his claim for quantum meruit recovery was based on the same allegations as his contract claim. On July 12, 2004, Williams amended his renewed complaint to assert a count for mandamus relief. He contended that he was entitled to mandamus relief to have the trial court enforce the May 10, 2001, grievance decision.

The city subsequently moved for summary judgment on Williams's quantum meruit and mandamus claims, and the trial court granted the city's motion. Williams has now filed this appeal.

2. Williams contends that the trial court erred in granting summary judgment to the city on his mandamus claim. We disagree. In his mandamus action, Williams sought to enforce a May 10, 2001, grievance decision by the city's Bureau of Labor Relations. That decision, however, simply did not create a legal requirement that the city reinstate Williams to his previous position and pay him the back pay to which he contended he was entitled. Instead, the grievance decision stated that the bureau had no "objection to any accommodation" the sewer department would make to rectify Williams's situation. Thus, Williams did not have a clear legal right to the relief he sought, and the trial court properly granted summary judgment to the city on Williams's mandamus claim.[1]

In addition, after he filed his mandamus claim for back pay and reinstatement, Williams was convicted in federal court for conspiracy to possess drugs, and was properly fired by the city. Thus, to the extent Williams's mandamus petition seeks reinstatement based on the grievance decision, the case is moot due to Williams's incarceration and his loss of his job therefor.

3. Williams also contends that the trial court erred in granting summary judgment to the city on his quantum meruit claim. However, the trial court's finding that Williams had a contract with the city, as well as the fact that Williams sought the same compensation on his quantum meruit claim that he had sought on his contract claim, precludes Williams's action for quantum meruit recovery.[2]

*Judgment affirmed. All the Justices concur.*

Decided January 8, 2007.

*Lorna S. Katica*, for appellant.
*Linda K. DiSantis, Cleora S. Anderson*, for appellee.

---

[1] *Schrenko v. DeKalb County School Dist.*, 276 Ga. 786, 794 (582 SE2d 109) (2003) (a trial court may grant mandamus relief when the petitioner has a clear legal right to the relief sought).

[2] See *Lord Jeff Knitting Co. v. Lacy*, 195 Ga. App. 287, 288 (393 SE2d 55) (1990) (where express contract covers compensation claimed under a quantum meruit claim, the contract governs).